THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANGEL TEODORO GONZÁLEZ, Defendant and Appellant.

No. Cr-62-119.   Decided January 18, 1963.

*Angel Teodoro González,* pro se. *J. B. Fernández Badillo,*
*Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant*
*Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

On August 10, 1960 the district attorney filed an information against defendant-appellant for the offense of embezzlement consisting in that he unlawfully defrauded Andrea Román widow of Crespo while acting as her depositary, appropriating to himself the sum of $907 which she had entrusted to him for safekeeping.

On August 29, 1960 defendant appeared personally for arraignment. The court designated Celedonio Medín Lozada to assist him in that act. After being arraigned defendant pleaded not guilty through his attorney and moved for a trial by jury. The case was set for trial, and on October 20, 1960 defendant appeared personally and without an attorney at the trial. Defendant informed the court that he had been summoned the previous night and had not had time to confer with his attorney. The court ordered that the case

be called later that same day, and the case having been called again for trial defendant appeared through his attorney Eugenio Sánchez Ruiz and moved for a continuance. The court complied and postponed the hearing to December 21, 1960. On that date defendant appeared personally and assisted by his attorney Eugenio Sánchez Ruiz. The parties being ready, the trial was held.

The jury found defendant guilty of the offense charged and he was released on bail until the pronouncement of sentence. On December 27, 1960, defendant appeared personally and assisted by his attorneys Eugenio Sánchez Ruiz and Enrique Báez García for the pronouncement of sentence. The court granted to defendant, for the benefit of his new attorney, a period of 15 days and set January 12, 1961 for the determination of the matter. On January 9, 1961, defendant filed in his own right a motion for a new trial alleging that "as a result of his financial condition he was deprived of an attorney and that he had to be represented at the trial by counsel designated by the court whose view and that of defendant could not be reconciled during the prosecution . . . ," all of which prejudiced him and he therefore moved for a new trial. On January 12, 1961, defendant appeared personally and assisted by his attorney Eugenio Sánchez Ruiz at the hearing to argue the motion for a new trial and for pronouncement of sentence in the event the motion should not prosper. The court denied the motion for a new trial and rendered judgment sentencing defendant to serve from one to three years' imprisonment in the penitentiary, at hard labor, being credited with any imprisonment he might have served while awaiting trial for this same cause, without costs.

On January 13, 1961, defendant, through his attorney, Sánchez Ruiz, filed a petition for appeal and was released on bail. On January 16, 1961, defendant filed a motion in his own right again alleging that the defense by his attorney was not adequate and requested leave to litigate as insolvent.

The court set January 27, 1961, to hear and argue what it considered as a motion to litigate in forma pauperis. In view of the stenographer's absence that day, the court postponed the hearing to Friday, February 3, 1961.

In connection with his appeal, defendant requested the transcript of the evidence in forma pauperis, which was denied. He moved for reconsideration and the same was denied. Later he deposited $100 in court for the expenses of the transcript of the evidence and it was transcribed.

On February 28, 1962, defendant filed in his own right a motion which he entitled "Motion for Nullity of Judgment," alleging that Superior Judge Alfredo Archilla Guenard was the magistrate who determined that there was probable cause against defendant and that he was the same magistrate who presided the trial. For that reason he sought the annulment of the judgment. He alleged that the determination of probable cause was based on sworn statements which were submitted to Judge Archilla Guenard by the district attorney and that he was not examined by the judge. On March 2, 1962, the Superior Court refused jurisdiction to take cognizance of this question on the ground that an appeal had been taken to the Supreme Court.

By telegram of June 4, 1962, addressed to the Supreme Court defendant urged the designation of an attorney to handle the petition for appeal, and by order of August 1, 1962, the Supreme Court denied the petition on the ground that appellant was working and receiving a salary of $225 a month.

■ Defendant-appellant has filed in his own right, in the Supreme Court, several motions dated June 4, 1962, July 2, 1962, July 3, 1962, July 5, 1962, and July 9, 1962. From the motions filed in this Court by defendant-appellant in his own right it may be said that he raises two questions, or that he assigns two errors. The first is to the effect that the trial court erred in accepting a verdict which does not conform to

the evidence. The assignment is without merit. We have read carefully the transcript of the evidence. It was incumbent on the jury to determine defendant's innocence or guilt and it found him guilty. There is sufficient evidence in the record to support the jury's verdict, wherefore reversal of the judgment on that ground would not be warranted.

■ The second question raised is that the trial was presided by the same judge who determined that there was probable cause for defendant-appellant's arrest. It is evident that defendant-appellant seeks to rely on the ruling in *People* v. *Toro*, 84 P.R.R. 473 (1962). In the first place, there is nothing in the record to show or from which it may be concluded that the judge who presided the trial was the same judge who determined that there was probable cause. In the second place, even if such had been the case, the error would not have been committed because the situation here is different from that which we considered in *People* v. *Toro*. On that occasion the presiding judge was the magistrate who (1) examined the witnesses, (2) made the determination of probable cause, and (3) tried and sentenced the defendant. The offense in that case was heard before a District Court. In this case, assuming that the magistrate who presided the trial was the same one who determined that there was probable cause, he did not investigate the complaint nor examine the witnesses, but only considered the sworn statements which the district attorney submitted to him (according to defendant-appellant's own statements in his motions), and also that magistrate was not the one who judged defendant's innocence or guilt, but the jury did. This clearly distinguishes the case at bar from that of Toro. See *People* v. *Toro, supra; People* v. *Quiles*, 83 P.R.R. 61 (1961) ; *People* v. *Pacheco*, 83 P.R.R. 275 (1961).

The errors assigned were not committed and the judgment rendered by the Superior Court in this case will be affirmed.